IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 16-cv-01935-PAB-MEH

CYPRESS ADVISORS, INC., *d/b/a* The Cypress Group,

    Plaintiff/Counter Defendant,

v.

KENT MCCARTY DAVIS, *a/k/a* Carty Davis, *d/b/a* Cypress International, Inc.,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

DEAN ZUCCARELLO,

    Third-Party Defendant.

---

## ORDER

---

This matter is before the Court on the Motion to Consolidate Related Cases for Trial [Docket No. 175] filed by Cypress Advisors, Inc. and Dean Zuccarello. Cypress and Mr. Zuccarello move the Court to consolidate this case with *Cypress Advisors, Inc. v. Kent McCarty Davis and C Squared Advisors, LLC*, No. 17-cv-01219-MSK-KLM, for purposes of trial. Defendant Kent McCarty Davis opposes consolidation on the ground that it would "have the effect of indefinitely staying trial in this action" and would complicate the trial proceedings. Docket No. 182 at 8-9. For the reasons discussed below, the Court will grant Cypress and Zuccarello's request to consolidate these actions for purposes of trial.

Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions

before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides whether consolidation is warranted. D.C.COLO.LCivR 42.1. The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.,* 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2381 at 427 (2nd ed. 1995)). Therefore, the Court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

There appears to be no real dispute that these cases involve common questions of fact and law.[1] Both lawsuits involve the same parties[2] and arise from a common nucleus of fact – namely, the "actions that Davis took around the time he left Cypress," including his alleged efforts to compete with Cypress and interfere with its existing client relationships. Docket No. 175 at 11; *see also* Docket No. 173 at 4-7; *Cypress Advisors,*

---

[1]In his response to the motion to consolidate, Davis concedes that the actions are "duplicative" and "involve the same factual and legal issues." Docket No. 182 at 3.

[2]The 2017 case involves one party, C Squared Advisors, LLC, that the 2016 action does not. However, C Squared is partly owned by Davis.

*Inc. v. Kent McCarty Davis and C Squared Advisors, LLC*, No. 17-cv-01219-MSK-KLM, Docket No. 1 at 5-15. The lawsuits also involve overlapping legal claims for misappropriation of trade secrets under Colorado law. *See* Docket No. 28 at 16-17; *Cypress Advisors, Inc. v. Kent McCarty Davis and C Squared Advisors, LLC*, No. 17-cv-01219-MSK-KLM, Docket No. 1 at 15-16.[3]

Given the legal and factual overlap between the two cases, the Court finds that consolidation would promote judicial economy. The 2016 action is set for a seven-day jury trial beginning on October 21, 2019. Docket No. 187. Although consolidation may add one day to the current trial schedule, *see* Docket No. 173 at 31, it would obviate the need to hold two seven-day jury trials and eliminate the risk of inconsistent jury verdicts.

The efficiency benefits of consolidation also outweigh any possible prejudice to the parties. Davis argues that he will be prejudiced by consolidation because it will indefinitely stay trial in this action pending resolution of the summary judgment motion in Judge Krieger's case. *See* Docket No. 182 at 5, 9. Since the filing of Davis's response, however, that summary judgment motion has been resolved. While it is true that consolidation – and any corresponding increase in the trial length – may require the trial to be rescheduled, that risk would exist even in the absence of consolidation, given that there are multiple criminal trials currently set for the same two-week period in October, any one of which would take precedence over the trial in this case.

Davis also contends that consolidation will complicate the trial by requiring

---

[3]Plaintiff's misappropriation of trade secrets claims survived summary judgment in both cases. *See* Docket No. 164 at 10; *Cypress Advisors, Inc. v. Kent McCarty Davis and C Squared Advisors, LLC*, No. 17-cv-01219-MSK-KLM, Docket No. 104 at 9, 23.

amendment of the final pretrial order and submission of additional jury instructions. Docket No. 182 at 9.  The alternative, however, is to have two final pretrial orders and two separate sets of jury instructions.  Davis fails to explain why that would be preferable to simply amending the final pretrial order in this case and submitting a few additional jury instructions.  In any event, the significant efficiencies that will be gained by consolidating these actions outweigh any risk of prejudice to the parties.

For the foregoing reasons, it is

**ORDERED** that the Motion to Consolidate Related Cases for Trial [Docket No. 175] is **GRANTED**.  It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 16-cv-01935-PAB-MEH and 17-cv-01219-MSK-KLM shall be consolidated for trial.  It is further

**ORDERED** that, pursuant to D.C.COLO.LCivR 42.1, Civil Action No. 17-cv-01219 shall be assigned to Chief Judge Philip A. Brimmer.  It is further

**ORDERED** that Civil Action 17-cv-01219 shall hereafter be referred to the magistrate judge assigned to the lowest numbered case, Magistrate Judge Michael E. Hegarty.  It is further

**ORDERED** that, within three days of this order, the parties shall jointly contact Judge Hegarty's chambers to set a supplemental final pretrial conference.  It is further

**ORDERED** that, as of the date of this order, all future pleadings and other filings shall be filed in this case only and shall be captioned as follows:

Civil Action No. 16-cv-01935-PAB-MEH
  (Consolidated with Civil Action No. 17-cv-01219-PAB-MEH)

Civil Action No. 16-cv-01935-PAB-MEH

CYPRESS ADVISORS, INC.,

    Plaintiff/Counter Defendant,

v.

KENT MCCARTY DAVIS,

    Defendant/Counter Claimant/Third-Party Plaintiff,

v.

DEAN ZUCCARELLO,

    Third-Party Defendant.

Civil Action No. 17-cv-01219-PAB-MEH

CYPRESS ADVISORS, INC.*,*

    Plaintiff,

v.

KENT MCCARTY DAVIS and
C SQUARED ADVISORS, LLC,

    Defendants.

    DATED September 3, 2019.

                                BY THE COURT:

                                 s/Philip A. Brimmer
                                PHILIP A. BRIMMER
                                Chief United States District Judge